**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3290
_____

REEFCO SERVICES, INC.

v.

GOVERNMENT OF THE VIRGIN ISLANDS; VIRGIN ISLANDS
BUREAU OF INTERNAL REVENUE,
Appellants

__
Appeal from the District Court
of the Virgin Islands
(D.C. No. 3-14-cv-00110)
District Judge: Honorable Curtis V. Gomez
_____

Argued: December 10, 2019
_____


Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*.


(Opinion filed: October 7, 2020)

Tamika M. Archer, Esq.
Hugh A. Greentree, Esq.
Dionne G. Sinclair, Esq.     **(Argued)**
Office of Attorney General of Virgin Islands
Department of Justice
2nd Floor
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor

St. Thomas, VI 00802

     *Counsel for Appellants*


Taylor W. Strickling, Esq. **(Argued)**
Marjorie Rawls Roberts
One Hibiscus Alley
5093 Dronningens Gade, Suite 1
St. Thomas, VI 00802

     *Counsel for Appellee*

———————————

OPINION[*]

———————————

McKEE, *Circuit Judge*.

The Government of the Virgin Islands ("GVI") appeals the District Court's award of declaratory and monetary relief on Reefco Services, Inc.'s claim that the GVI violated the Dormant Commerce Clause by only collecting its excise tax on imported goods. After the District Court entered its Rule 52(a) Opinion and Order, the GVI continued to restrict collection of its excise tax to imported goods. Consequently, the District Court enjoined the GVI from collecting the excise tax at all, until the GVI satisfied the court that it would be able to collect the excise tax in a constitutional manner. For the reasons

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

that follow, we will affirm the District Court's award of declaratory, injunctive, and monetary relief, in part, and vacate and remand for further proceedings regarding the continued necessity of the injunction.

## I.

Prior to addressing the merits of the case, given the convoluted post-judgment procedural history and promulgation of new rules and regulations by the GVI, we will briefly address the justiciability of the matters before us. Article III authorizes federal courts to exercise jurisdiction over "cases" and "controversies" that present live disputes.[1] Even where, as here, neither party contests justiciability, this Court maintains "an independent obligation at the threshold to examine whether we have appellate jurisdiction."[2] The question raised by the post-judgment filings, decisions, and rules promulgated after this appeal is whether circumstances have evolved since this appeal was filed that have "forestalled any occasion for meaningful relief,"[3] thus rendering the appeal moot. They have not. For example, the GVI is still obligated to refund to Reefco the $5, 287.74 assessed in taxes, but the GVI challenges the propriety of that ruling.

We must consider three factors before dismissing a case as moot:

(1) whether the appellant has expeditiously taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute became moot, (2) whether

---

[1] *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009)).
[2] *Saranchak v. Sec'y, Pa. Dep't. of Corr.*, 802 F.3d 579, 592 (3d Cir. 2015) (quoting *Rendell v. Rumsfield*, 484 F.3d 236, 240 (3d Cir. 2007)).
[3] *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003) (citation omitted).

the trial court's order will have possible collateral consequences, and (3) whether the dispute is of such a nature that it is capable of repetition yet evading review.[4]

The GVI timely perfected its appeal of both the District Court's September 28, 2018 Opinion and Judgment as well as the subsequent November 15, 2018 Order and November 26, 2018 Memorandum Opinion denying the GVI's Motion to Stay and enjoining the GVI from collecting excise taxes. As to collateral consequences, the GVI claims that the District Court's injunction is taking a dramatic toll on its revenue. Yet the GVI challenges the propriety of that ruling and argues Reefco suffered no injury because it passed the tax deficiency on to its customers. Finally, though the GVI now contends that its promulgation of new rules and regulations in February 2019 moots Reefco's Commerce Clause challenge and eliminates the need for the injunction as well as the basis for it,[5] the constitutionality of the GVI's thirty-five-year implementation of the excise tax is capable of evading review. The new rules can, after all, be set aside at the GVI's discretion. Accordingly, we must adjudicate the merits of the District Court's ruling.

### A. The District Court Correctly Held that 33 V.I.C. § 42, As Implemented by the GVI, Violates Dormant Commerce Clause Principles.

---

[4] *Id.* (citation omitted).
[5] GVI Supp. Br. at 7 (GVI can no longer "fail[] to apply excise tax to local manufacturers or importers for goods brought into the territory for business purposes.").

4

In *Polychrome International Corporation v. Krigger*, we held that, under the

Territorial Clause, the Virgin Islands is subject to Dormant Commerce Clause principles.[6]

We are, of course, bound by that ruling. Accordingly, the Supreme Court's test from

*Complete Auto Transit, Inc. v. Brady*, governs our inquiry.[7]

---

[6] 5 F.3d 1522, 1534 (1993) ("Under the Territorial Clause, Congress has power to prescribe all 'needful Rules and Regulations' for territories. . . . By necessary implication, when territorial enactments affect interstate or foreign commerce—a subject over which Congress has supreme control—those enactments must be scrutinized under Dormant Commerce Clause principles. Any other conclusion would mean 'that an unincorporated territory would have more power over commerce than the states possess.'") (internal citations omitted).

[7] *Id*. at 1535 (citing *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977)). Reefco argues that the Court should apply the general Dormant Commerce Clause test set forth in *Cloverland-Green Spring Dairies, Inc. v. Pennsylvania Milk Marketing Board*, 462 F.3d 249, 261 (3d Cir. 2006). Under *Cloverland-Green*, "[i]n considering whether a state law violates the Dormant Commerce Clause, the inquiry is twofold: a court considers first whether 'heightened scrutiny' applies, and, if not, then considers whether the state law is invalid under the *Pike [v. Bruce Church, Inc.]* balancing test." *Id*. (citation omitted); *see also Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). "Heightened scrutiny applies when a law discriminates against interstate commerce in its purpose or effect," and "[t]he party challenging the statute has the burden of proving the existence of such discrimination." *Cloverland-Green*, 462 F.3d at 261 (internal quotation marks and citations omitted). Where discrimination is proven, the burden shifts to the state to demonstrate that "the statute serves a legitimate local purpose, and that this purpose could not be served as well by available nondiscriminatory means." *Id*. (quoting *Maine v. Taylor*, 477 U.S. 131, 138 (1986)). If a discriminatory purpose or effect is not shown because the statute "regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental," *Pike* balancing requires courts to consider whether "'the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.'" *Id*. at 263 (quoting *Pike*, 397 U.S. at 142). The Court will use the *Complete Auto* test because, as we noted in *Norfolk Southern Corp. v. Oberly*, that test permits a more nuanced inquiry that addresses the unique concerns raised by tax cases. 822 F.2d 388, 399 n.16 (3d Cir. 1987) (citing *Complete Auto Transit*, 430 U.S. at 287). However, even under the *Cloverland-Green* test, the excise tax, while not facially discriminatory and thus not subject to heightened scrutiny, fails *Pike* balancing where the GVI puts forth no legitimate local purpose

In *Complete Auto*, the Supreme Court held that a tax violates the Commerce Clause where it "discriminate[s] against interstate commerce[.]"[8] During the relevant period, the statute setting forth the rate and base of excise taxes as well as any exemptions, 33 V.I.C. § 42(a), provided:

> Every individual and every firm, corporation and other association doing business in the Virgin Islands, except those specially taxed, exempted, or excluded shall pay an excise tax on all articles, goods, merchandise or commodities manufactured in or brought into the Virgin Islands for personal use, use in a business, for disposition or sale in the course of trade or business, for processing or manufacturing or for any other business use or purpose . . . .[9]

The statute is facially neutral, directing the assessment of an excise tax on "*all* articles, goods, merchandise or commodities manufactured in or brought into the Virgin Islands."[10] The regulations implementing this section outline the procedure for implementing the tax as to importers, and a statute instructs the Director of the Virgin Islands Bureau of Internal Revenue to promulgate appropriate rules and regulations to collect the tax from local manufacturers.[11] However, in contravention of this statutory mandate, no such rules were promulgated until February 2019.[12] Thus, the excise tax was not assessed on local manufacturers from 1984 until at least as recently as February

---

explaining why local manufacturers have not had to pay the excise tax assessed to foreign and domestic importers.

[8] 430 U.S. at 279.

[9] § 42(a).

[10] *Id.* (emphasis added).

[11] 33 V.I. ADC §§ 42b, 42c; 33 V.I.C. § 42a(b).

[12] *See* JA52-52 (testimony of the Supervisor of Excise Tax as to the BIR practice of only assessing an excise tax on items imported into the Virgin Islands); *see also* 33 V.I. R. & Regs. § 42-2(a) ("The excise tax applies to all articles, goods, merchandise, or commodities brought into the Virgin Islands.").

2019. That failure is nothing short of a blatant "preference for domestic commerce over [interstate] commerce."[13] Local manufacturers were afforded a tax break not available to foreign and domestic importers.[14] The resulting violation of the Commerce Clause is obvious and the GVI's claims to the contrary do not merit further discussion.

Because the GVI assessed the excise tax against Reefco in violation of the Dormant Commerce Clause, the District Court correctly held that Reefco is entitled to a refund. The GVI's claim that Reefco is not entitled to a refund because it recouped the assessment by passing it on to its customers is not supported by anything in this record.[15] Accordingly we will affirm the District Court's award of money damages.[16]

**B. The District Court Properly Enjoined the GVI's Collection of Excise Taxes But Exceeded its Authority By Ordering its Approval of Any Promulgated Rules and Regulations.**

After the District Court issued its September 28th Order declaring the GVI's implementation of the excise tax unconstitutional, the GVI nonetheless continued collecting the tax. The Declaratory Judgment Act authorizes trial courts to enforce

---

[13] *Polychrome*, 5 F.3d at 1539 (quoting *Kraft Gen. Foods v. Iowa Dep't of Revenue*, 505 U.S. 71, 79 (1992)).

[14] *Bacchus Imps., Ltd. v. Dias*, 468 U.S. 263, 272 (1984) ("[N]o State may discriminatorily tax the products manufactured or the business operations performed in any other State.") (citation omitted).

[15] GVI Reply at 4 ("As most Virgin Islanders can attest, despite the absence of the excise tax, there has been absolutely no corresponding reduction in the cost to the consumer of any goods or services utilizing imports. As such, the award of money damages to Reefco must be reversed. Such monies have long since been recouped.") (citation omitted).

[16] *See Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

declaratory judgments by providing injunctive relief conditioned upon certain limitations not relevant here.[17]

However, the District Court exceeded the scope of its authority when, in addition to enjoining the GVI from only collecting excise taxes from importers and not local manufacturers, the court effectively mandated that the GVI pass rules and regulations that met the court's approval. In its November 26th Memorandum Opinion enjoining the GVI from continuing to collect excise taxes, the District Court "recognize[d] that the GVI [wa]s currently developing additional collection procedures that may bring Section 42 into compliance with the Commerce Clause."[18] However, the District Court clearly did not credit this intention as sufficient given its issuance of an injunction.

Nor did the District Court find any of the GVI's subsequent efforts enough to lift the injunction. Four days after the court's November 26th Memorandum Opinion, the GVI filed an Emergency Motion to Lift the Injunction, stating that it had sent letters to manufacturing license holders within the territory, explaining they would owe a new tax. The court did not respond. Three months after that the GVI advised the District Court that it had promulgated rules and regulations establishing a procedure for the collection of excise taxes from local manufacturers. In response, the District Court did not lift the injunction, but it did hold an evidentiary hearing to assess the steps taken by the GVI to

---

[17] *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999) (holding that 28 U.S.C. § 2202 "permits the original [declaratory] judgment to be supplemented either by damages or by equitable relief . . .") (alteration in original) (citation omitted)).
[18] JA205.

implement the collection of excise taxes from local manufacturers.[19]  The court initially declined to rule on the outstanding motion given the pending appeal.[20]  But, four days before oral argument, the District Court issued an Order construing the emergency motion as a "renewal and extension" of a post-judgment motion to stay and denied it after determining the February 2019 Rules and Regulations still violated the Commerce Clause.[21]

Thus, the District Court effectively compelled the GVI to enact regulations that would meet with the court's approval.  That was a "bridge too far."  The Judicial Power authorized by Article III vests courts with the power to adjudicate violations of the law, not to make law.[22]  Consequently, if and when the GVI began assessing the excise tax on local manufacturers, it complied with the District Court's judgment, and the court should have had no more say in the matter.  As it is not clear from the record whether the GVI has begun to collect excise taxes from local manufacturers, we will remand for further proceedings on that issue alone with an instruction to the District Court to lift the November 26th injunction upon receiving evidence that the GVI is in fact assessing an excise tax on local manufactures.  To the extent that the February 2019 Rules and

---

[19] GVI Supp. Br. Ex. at 8-114.

[20] *Id*. at 115-16.

[21] *Id*. at 121, 126.  The parties briefed what effect, if any, the District Court's December 6, 2019 Order and Opinion had on this appeal.  Given our holdings regarding the District Court's exercise of its authority to issue injunctive relief under the Declaratory Judgment Act, we need not answer that question in this appeal.  Moreover, we deny the motion to consolidate the appeal of the December 6th order with this case.

[22] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 n.4 (1998) ("[C]ourts must stay within their constitutionally prescribed sphere of action").

Regulations still violate dormant Commerce Clause principles, that issue must be raised by an injured party, not the District Court.

## II.

We therefore affirm the District Court's declaratory and monetary relief ordered in its September 28th Judgment and Opinion. We also affirm the District Court's November 26th Memorandum Opinion in part, as to its enjoining of the GVI from continuing to collect excise taxes from importers, but not local manufacturers. We vacate the District Court's November 26th Order in so far as it requires court approval of promulgated rules and regulations by the GVI and remand for further proceedings as to whether the excise tax has been assessed against local manufacturers. Upon obtaining proof that the GVI is assessing the excise tax on local manufacturers, we direct the District Court to lift the injunction.